===============
 No. 05-0076
 ===============

 IN RE VANDERBILT MORTGAGE AND FINANCE, INC.

 ===========================================================
 ON REVIEW BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
 ===========================================================

 JUSTICE LANG delivered the opinion of the Multidistrict Litigation
Panel, in which JUSTICE PEEPLES, JUSTICE CASTILLO, and JUSTICE HANKS
joined.

 On February 23, 2005, we issued our order denying the Motion to
Transfer of Related Cases to Pretrial Court filed by Vanderbilt Mortgage
and Finance, Inc. This opinion sets out the basis for that decision.
 I. Factual and Procedural Context
 Vanderbilt filed its Motion before this panel on January 31, 2005. It
alleges that six cases pending in North Texas[i] involve common issues of
fact and the transfer would be for the convenience of the parties and
witnesses and would promote the just and efficient conduct of the
cases.[ii] The Motion was accompanied by a Motion to Stay Proceedings. In
a supplement to the Motion to Stay, Vanderbilt argued that a stay of all of
the cases was urgently needed during our consideration of the Motion since
one of the Tarrant County cases was set for trial on February 22, 2005;
depositions were set in that case for February 3; and a Motion for
Continuance/Stay was set for hearing before the trial court on February 4,
2005.
 We are advised by Vanderbilt that it is a commercial lender. It lent
money to fifteen different owners of manufactured homes and secured each
loan with a lien against the borrower(s manufactured home. Vanderbilt
tells us that, in each suit, it has challenged the lawfulness of the
recovery and storing of these manufactured homes by Statewide Repo Housing,
Inc. and/or its affiliate Eagle Lender Asset Services, Inc. This recovery
and storing was performed at the request of Sheriffs and/or Constables who
executed writs of possession following entry of judgments in eviction
proceedings in favor of land owners. (Statewide and Eagle will be referred
to as Statewide.)
 Vanderbilt claims that there are common issues of fact which must be
resolved: (1) Statewide has not obtained allegedly required state permits
to transport the homes; (2) Statewide demands excessive fees of the
lender/lien holder to recover the home after removal by Statewide; (3)
Statewide allegedly charges "incredibly high storage fees" which are
claimed to be "well over twice as high as industry standard"; (4)
Statewide's assertion of warehouseman's liens is unlawful; and (5)
Statewide, "on information and belief," has fraudulently applied for and
obtained new titles for some homes identifying Statewide as the owner to
the damage of the lien holder and the true owner.
 Finally, Vanderbilt tells us, in a general way, that transfer will
greatly reduce the time and expense for discovery since uniform written
discovery can be used and duplication of depositions can be avoided. It is
suggested that "the same lay witnesses and expert witnesses will give
essentially the same testimony in each of the related cases concerning the
reasonableness of charges to move and store a manufactured home." Also,
Vanderbilt tells us, in a general way, that "other pretrial matters can be
handled more efficiently through coordinated pretrial proceedings . . . ."
 Statewide filed an Objection To Motion To Transfer of Related Cases to
Pretrial Court and Objection to Stay. It provided us with important,
uncontradicted facts respecting the six cases.[iii] According to
Statewide, all written discovery filed in five of the six cases has been
completed. Only one deposition has been taken. The attorneys representing
Vanderbilt, on the one hand, and Statewide, on the other hand, in each case
are the same. The two Tarrant County cases are set for trial in the near
future. The case in the 352nd District Court was set for trial on February
22, 2005, and the case in the 141st District Court was set for trial on
March 14, 2005. Statewide advised that all discovery has or will be timely
completed in those two cases. However, as to the issues Vanderbilt claimed
to be common to the six suits, Statewide denied there were any real issues,
yet asserted a different version of the facts. Finally, Statewide asserts
that Vanderbilt filed this Motion merely to avoid the trial settings in
February and March 2005.
 Vanderbilt filed no reply to Statewide's objections. We denied the
stay.
 II. Discussion and Application of Authorities
 Rule 13 provides a pretrial process that will allow cases to proceed
efficiently toward trial. "It does not require proof that witnesses have
already been inconvenienced; it looks ahead and focuses on whether
transferring cases to a pretrial judge would serve the convenience of
parties and witnesses by preventing inconvenience in the future." In re
Silica Products Liability Litigation, No. 04-0606, slip op. at 2 (Tex.
M.D.L. Panel Nov. 10, 2004).
 While relevant, the number of pending cases and parties is not
directly determinative of the necessity for pretrial transfer.[iv]
However, of great significance in this case are the uncontroverted facts
that in two of the six cases discovery is complete or will be complete
shortly and there are imminent trial settings in those cases. Further,
although "ongoing problems" in the pretrial process need not exist for us
to order transfer, we must be shown some facts and well-founded reasons
which logically suggest that transfer will create a more efficient process.
 We have previously observed:
 One virtue of transferring related cases to a single pretrial judge is
 that issues, once raised, will be decided the same way in the future.
 A consistent and steady judicial hand at the helm should in fact
 promote agreements because lawyers will know where the court stands on
 recurring issues. As contested issues arise, the pretrial judge will
 make consistent rulings, which can then be reviewed by the appellate
 courts as appropriate. This, we think, serves Rule 13's goal that our
 system give related cases consistent and efficient treatment.[v]

However, we cannot apply this reasoning to this case. We are advised by
Statewide that written discovery has been propounded in all but one case
and only one deposition has been taken. That does not suggest difficulties
presently or in the future in pretrial matters. Additionally, although
Vanderbilt has raised some contentions it describes as common issues of
fact, we have not been advised of how a pretrial judge can address these
contentions in order to promote uniformity of decisions. We will not
speculate about a party's strategy to address its so-called common issues
of fact. Finally, we have not been told what fact or expert witnesses, if
any, would be required to be deposed on multiple occasions without the
order of transfer and intervention of a pretrial judge. Plainly stated, no
reasonable likelihood of difficulties in the pretrial processing of these
cases has been proffered.
 III. Conclusion
 We conclude that Vanderbilt has not met its burden under Rule 13.
Additionally, we conclude that the transfer of these cases will not serve
the convenience of the parties and the witnesses, nor will it promote the
just and efficient conduct of the cases. Accordingly, we deny Vanderbilt(s
Motion to Transfer.
 Douglas S. Lang, Justice
Opinion Delivered: March 2, 2005.

-----------------------
[i](a) Vanderbilt Mortgage and Finance, Inc. v. Jim Carbitcher, et al., No.
04-11081 (134th Dist. Ct., Dallas County, Tex.) (b) Statewide Repo Housing,
LLC v. Oakwood Acceptance Corporation, LLC, v. Kerry D. Howell, et al., No.
CV04-2513 (415th Dist. Ct., Parker County, Tex.); (c) Statewide Repo
Housing, LLC v. Oakwood Acceptance Corporation, LLC v. Troy Steven
Washburn, No. 05-01-003 (271st Dist. Ct., Wise County, Tex.); (d)
Vanderbilt Mortgage and Finance, Inc. v. Sixto Terrazas, et al., No. 352
204253 04 (352nd Dist. Ct., Tarrant County, Tex.); (e) Vanderbilt Mortgage
and Finance, Inc. v. Johnny Hogue, et al., No. 2004-10043-16 (16th Dist.
Ct., Denton County, Tex.); and (f) Vanderbilt Mortgage and Finance, Inc. v.
Lee Modgling, et al., No. 141 204903 04 (141st Dist. Ct., Tarrant County,
Tex.).

[ii]Tex. R. Jud. Admin. 13, reprinted in Tex. Gov't Code Ann., tit. 2,
subtit. F app. (Vernon 2005).

[iii]Rule 13.3(j) provides in part, "The MDL Panel will accept as true
facts stated in a motion, response, or reply unless another party
contradicts them." Tex. R. Jud. Admin. 13.3(j), reprinted in Tex. Gov't
Code Ann. tit. 2, subtit. F app. (Vernon 2005).

[iv]cf. In re Silica Products Liability Litigation, No. 04-0606, slip. op.
at 1 (It was uncontroverted that 453 plaintiffs filed 71 silica-related
lawsuits against a total of 158 defendants, pending in 55 district courts
in 20 counties.).

[v]In re Silica Products Liability Litigation, No. 04-0606, slip. op. at 3.